35 F.3d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Billy R. MITCHELL, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Respondent-Appellee.
 No. 94-35220.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 7, 1994.*
Decided Sept. 13, 1994.
 
 Before: HALL, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Billy Mitchell, an Oregon State prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus. Mitchell claims that he was denied the effective assistance of counsel at trial and on appeal. We have jurisdiction under 28 U.S.C. Sec. 2253 and we affirm.
 
 
 3
 We review de novo both the district court's denial of habeas relief, James v. Borg, 24 F.3d 20, 24 (9th Cir.1994), petition for cert. filed (U.S. Aug. 10, 1994) (No. 94-5660), and the legal question whether a defendant received ineffective assistance of counsel, Smith v. Ylst, 826 F.2d 872, 875 (9th Cir.1987), cert. denied, 488 U.S. 829 (1988).
 
 Trial
 
 4
 To demonstrate ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient and that this prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Tactical decisions of trial counsel are entitled to a high degree of deference. Id. at 689. Prejudice is found where the result of a proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993).
 
 
 5
 Here, Mitchell was convicted of attempted rape following a bench trial. He complains that his trial attorney failed to subpoena the complaining witness or object to the admission of her hearsay statements, thus depriving him of his Sixth Amendment confrontation rights. We reject these contentions.
 
 
 6
 " '[F]irmly rooted' exceptions [to the rule against hearsay] carry sufficient indicia of reliability to satisfy the reliability requirement posed by the Confrontation Clause." White v. Illinois, 112 S.Ct. 736, 742 n. 8 (1992).
 
 
 7
 The record shows that the victim, Ardenia Ketterman, was incarcerated in a mental hospital at the time of trial. Defense counsel was turned away several times when he attempted to visit her because Ketterman was too psychotic to discuss the case. At Mitchell's parole hearing, however, a few months before his trial, Ketterman testified that he had tried to rape her.
 
 
 8
 Mitchell was convicted largely on the testimony of two witnesses, Robert Rizzo and Kris Rose, who heard sounds coming from the park near Rose's house. Rizzo testified that when he went to investigate, he came upon Mitchell lying on top of Ketterman, who was screaming for help. When Rizzo asked what was going on, Mitchell responded that Ketterman was his girlfriend, but Ketterman said, "no, this black man is trying to rape me." Rizzo testified he had "never seen anyone as scared as that." According to Rizzo, Ketterman rushed toward him and clung to him so that he could feel her shaking as he escorted her to Rose. When Rizzo apprehended Mitchell after a brief chase, Mitchell's pants were down around his buttocks and his penis was out of his underwear.
 
 
 9
 Rose testified that, as she and Rizzo entered the park, she heard Ketterman yell, "please help me," or "this big black bastard is trying to rape me." According to Rose, Ketterman sounded "like she was in a state of hysteria." Rose reported that when Rizzo brought Ketterman to her, she was crying and shaking and very upset. Rose asked "Did he hurt you?" and Ketterman answered, "No, he didn't get down my pants. Thank you. Thank God you got to me in time." Mitchell's counsel objected every time Rizzo or Rose attempted to testify to what other people saw and thought.
 
 
 10
 The evidence showed that Ketterman's statements were "made while [she was] under the stress of excitement caused by the event." State v. Carlson, 808 P.2d 1002, 1010 (1991). Thus, they fell within Oregon's "excited utterance" exception to the general rule against hearsay, and there was no ground for Mitchell's counsel to object to their admission.
 
 
 11
 We conclude further that it was reasonable for counsel not to try to secure Ketterman's presence at trial. Counsel might well have concluded, in light of Ketterman's testimony at Mitchell's parole hearing, that nothing she said would be likely to help his defense. Moreover, the damning statements quoted above would have been admissible even if she had appeared. See White, 112 S.Ct. at 742. Counsel's performance was not deficient, and is not a basis for habeas relief. See Strickland, 466 U.S. at 689.
 
 Appeal
 
 12
 Mitchell contends that, by challenging only his sentence on appeal, appellate counsel constructively denied him assistance altogether.[1] We disagree.
 
 
 13
 Appellate counsel need not raise every nonfrivolous issue on appeal to render effective assistance. Jones v. Barnes, 463 U.S. 745 (1983). In light of the foregoing discussion, we are satisfied that appellate counsel did not prejudice Mitchell's cause by failing to raise his confrontation claims. We conclude that her decision to focus exclusively on sentencing issues was reasonable and that there is no "reasonable probability that, but for [her decision, Mitchell] would have prevailed on appeal." Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989) (adopting Strickland standards to review appellate assistance).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mitchell claimed in the district court that he was entitled to an evidentiary hearing to determine whether he consented to not attacking his conviction on appeal. He appears to have abandoned this claim on appeal